UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRENTON BRATCHETT,

    Plaintiff,

  v.                                      Case No. 08-C-880

ERIC BRAXTON (PROPRIETOR OF BRAXTON ENVIRONMENTAL SERVICES),
FELMERS CHANEY CENTER,
ST. JOSEPH WHEATON FRANCISCAN HEALTH CARE,
DR. NORMAN BUEBENDORF,
SERGEANT HIBLER, CAPTAIN MCPIPE,
and JANE and JOHN DOE (STAFF OF ST. JOSEPH'S HOSPITAL),

    Defendants,

## ORDER

Plaintiff, who is now incarcerated at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at the Felmers Chaney Center. Plaintiff filed motions to appoint counsel on December 1, 2008 and January 12, 2009, and a motion to amend his complaint on June 19, 2009. On July 6, 2009, I permitted plaintiff to proceed in forma pauperis and ordered him to file an amended complaint providing sufficient information to allow me to determine whether any of the defendants were personally involved in violating plaintiff's rights. Plaintiff filed his second amended complaint on July 23, 2009.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's second amended complaint names six identified defendants: Eric Braxton[1], the Felmers Chaney Center, St. Joseph-Wheaton Franciscan Health Care, Doctor Norman Buebendorf, Captain McPipe, and Sergeant Hibler. Plaintiff also names "Jane and John Doe staff members at St. Joseph Hospital" as additional defendants. According to plaintiff's

---

[1] Plaintiff's second amended complaint names Eric Braxton, the owner and proprietor of Braxton Environmental Services, as a defendant. The company itself is not named as a defendant in the second amended complaint and will be dismissed.

3

second amended complaint (which is the operative complaint in this case), defendant Braxton is the owner and proprietor of Braxton Environmental Services, which was "a company contracted with the DOC to provide job opportunity for inmates." (Complaint ¶ 16.) Defendant Braxton "continued to place profit before safety" although his company was "subjected to numerous code violations and fines by OSHA and the State. (Id. ¶ 18.) While assigned to work at defendant Braxton's company, plaintiff observed dangerous conditions and "heard numerous complaints of other inmates getting seriously hurt" and on July 12, 2006, plaintiff suffered a workplace accident in which his finger was cut off. (Id. ¶ 17; ¶ 22.) At the time, plaintiff was a Wisconsin Department of Corrections inmate housed at its Felmers Chaney Center. (Id. ¶ 15.) Two Felmers Chaney Center employees, Sergeant Hibler and Captain McPipe, threatened plaintiff with disciplinary action when he complained to them about the dangers of his work assignment at Braxton Environmental Services. (Id. ¶¶ 19-21.) Defendant St. Joseph-Wheaton Franciscan Health Care was "contracted with the State of Wisconsin Department of Corrections to provide medical care to inmates" and defendant Doctor Buebendorf was plaintiff's treating physician there. (Id. ¶¶ 7-8.) Plaintiff was taken to St. Joseph's Hospital after his finger was severed on July 12, 2006, and the medical staff there discarded plaintiff's finger rather than reattaching it, delayed surgery, and gave him instructions to return to work the following week. (Id. ¶¶ 22-27.) Plaintiff suffered the "loss of a digit and persistent and irritating arthritic type symptoms that send shocking pain through his hand." (Id. ¶ 29.)

Plaintiff contends that defendants Braxton, Felmers Chaney Center, McPipe, and Hibbler all violated his Eighth Amendment rights by compelling him to work in a hazardous workplace and that the medical defendants violated his Eighth Amendment rights by being

4

deliberately indifferent to his serious medical need to reattach his severed finger. Plaintiff also asserts that the medical defendants committed medical malpractice. As relief, plaintiff seeks declaratory, compensatory, and punitive damages.

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to "take reasonable measures to ensure an inmate's safety." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (citing Farmer v. Brennan, 511 U.S. 825 [1994]). "To state a claim premised on prison officials' failure to protect him from harm, [plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" Id. An excessive risk "is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency" and may include "amputation from operating obviously dangerous machinery." Id. (citing Bagola v. Kindt, 39 F.3d 779 (7th Cir. 2004)).

Accordingly, because plaintiff alleges that he complained to defendants McPipe and Hibbler about dangers at his work assignment and they responded by threatening him with punishment, plaintiff may proceed on a claim that defendants McPipe and Hibbler violated his Eighth Amendment rights by failing to protect him from harm. Similarly, plaintiff alleges that defendant Braxton "place[d] profit before safety" by maintaining unsafe work conditions despite OSHA fines. While defendant Braxton is a private citizen, plaintiff alleges that Braxton's company had a contract with the Department of Corrections "to provide job opportunity for inmates." (Doc. # 21 at 4.) Therefore, drawing all inferences in plaintiff's favor at this preliminary point in the proceedings, plaintiff may also proceed on a claim that defendant Braxton violated his Eighth Amendment rights by failing to protect him from harm while acting under color of law. See Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998)

5

("generally, private individuals act under color of law when jointly acting with a state actor to deprive some person of his constitutional right"). Plaintiff also names Felmers Chaney Center as a defendant[2], but a state correctional center is not a "person" for purposes of the federal civil rights statutes and Felmers Chaney Center will therefore be dismissed from this lawsuit.[3] See Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002)("we have held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted."); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993)("Cook County Jail is not a 'person' – it is not a legal entity to begin with.").

The Eighth Amendment's prohibition of cruel and unusual punishment also forbids deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). To establish liability a prisoner must demonstrate two elements: an objectively serious medical condition, and an official's deliberate indifference to that condition. See Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006). A medical condition is objectively serious if a physician has determined that treatment is mandated, or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 584-85 (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison

---

[2] It appears that plaintiff may wish to sue the warden or superintendent of Felmers Chaney Center rather than the center itself. (See Complaint ¶ 6: "this suit is being brought against the Superintendent/Warden".) However, plaintiff does not allege any personal involvement by the unnamed warden/superintendent and therefore fails to state a claim against him or her. See Chavez v. Cady, 207 F.3d 901, 906 (7th Cir. 2000) ("In order to be held liable a supervisor must know about the situation and approve of it. He cannot be liable if he is merely negligent in failing to detect and prevent his subordinates' misconduct.").

[3] For the same reason, and because it is not named as a defendant in the second amended complaint, the State of Wisconsin Division of Community Corrections must also be dismissed as a defendant.

6

official is deliberately indifferent if he knows of a substantial risk of harm and disregards that risk. Edwards v. Snyder, 478 F.2d 827, 831 (7th Cir. 2007).

Plaintiff alleges that the medical defendants were employed by a facility that contracted with the State of Wisconsin to provide medical care to inmates and that they made no attempt to reattach his severed finger. Accordingly, plaintiff may proceed on a claim that defendants Doctor Buebendorf and "Jane and John Doe staff of St. Joseph's Hospital" were deliberately indifferent to his medical needs in violation of the Eighth Amendment, as well as a state law claim of medical malpractice. See West v. Atkins, 487 U.S. 42, 56 (1988) ("Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights."); see also Estate of Rice ex rel. Rice v. Corr. Med. Serv., 596 F. Supp.2d 1208 (N.D. Ind. 2009) (collecting cases determining whether a physician is a state actor). However, defendant St. Joseph-Wheaton Franciscan Health Care is not a proper defendant and must be dismissed, as a private corporation can be held liable under § 1983 for its employees' constitutional violations only if its policies caused the violation. See Woodward v. Corr. Med. Servs. of Ill., Inc., 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff does not allege any such official or defacto policy on the part of the hospital.

In addition, plaintiff is advised that he must identify his "Jane and John Doe" defendants in order to effect service on them. The Marshals cannot serve unidentified defendants. If the plaintiff does not know the identities of the Doe defendants, he must discover them by filing a discovery request upon the known defendants after they have been

7

served.  Failure to timely identify and serve the Doe defendants may result in their dismissal from the case.

Finally, plaintiff has filed two motions asking that a lawyer be appointed to represent him.  Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1).  Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007).  As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own.  Id. at 654.  Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case.  Id. at 654-655.  In this case, plaintiff asserts that he has tried to find a lawyer but has not succeeded.  After reviewing the filings in this case, particularly plaintiff's second amended complaint, it appears that plaintiff can adequately litigate on his own behalf at this point in the proceedings.  The second amended complaint is clear and literate: it states a straight-forward cause of action in well-organized, numbered paragraphs, and it cites appropriate statutory and constitutional provisions.  As the case progresses, I may revisit the issue of counsel as necessary.  If complex legal issues are raised that plaintiff is unable to properly address, he may bring a motion requesting counsel at that time, and documenting all efforts he has made to find an attorney.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiff may proceed on an Eighth Amendment failure to protect claim against defendants Hibler, McPipe, and Braxton.  Plaintiff may also

proceed on Eighth Amendment medical care and state law medical malpractice claims against defendants Buebendorf and "Jane and John Doe Staff of St. Joseph's Hospital". Failure to timely identify and serve the Doe defendants may result in their dismissal from the case.

**IT IS FURTHER ORDERED** that defendants Braxton Environmental Services Corp., Felmers Chaney Center, State of Wisconsin Division of Community Corrections, and St. Joseph-Wheaton Franciscan Healthcare are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Docket # 6 and Docket # 12) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint (Docket # 19) is **DENIED** as moot. Plaintiff's second amended complaint (Docket # 21) shall be the operative complaint in this case.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 17 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge