UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRENTON BRATCHETT,

    Plaintiff,

  v.                                  Case No. 08-C-880

ERIC BRAXTON, BRAXTON ENVIRONMENTAL
SERVICES CORP.,WISCONSIN DEPARTMENT
OF CORRECTIONS, FELMERS CHANEY CENTER,
SUPERINTENDENT/WARDEN JOHN DOE,
SERGEANT HIBLER, CAPTAIN MCPIPE, WORK
COORDINATOR MISTER DAVIS, SOCIAL WORKER
MISS STONE, NURSE CHERYL RUEHS, ST. JOSEPH-
WHEATON FRANCISCAN HEALTH CARE CORP.,
DR. NORMAN BUEBENDORF, DR. MARK MITCHELL,
DR STEVEN M. GRYNIAWIEZ, R.N. EARNEST
COLLEEN, and DR. T. LAWTON,

    Defendants,

## ORDER

Plaintiff, who is now incarcerated at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at the Felmers Chaney Center. On July 6, 2009, I permitted plaintiff to proceed in forma pauperis. Now before me is plaintiff's third amended complaint, filed on September 17, 2009.

### I. BACKGROUND

Plaintiff's third amended complaint has three groups of defendants. The first group consists of Braxton Environmental Services Corporation and its proprietor, Eric Braxton. The second group includes the Wisconsin Department of Corrections (DOC) and its Felmers

Chaney Center, along with six DOC employees: Superintendent/Warden John Doe, Correctional Officer Sergeant Hibler, Captain McPipe, Work Coordinator Mister Davis, Social Worker Miss Stone, and Nurse Jane Doe (later identified as Nurse Cheryl Ruehs[1]). The final group consists of St. Joseph-Wheaton Franciscan Health Care Corporation and five members of its medical staff: Dr. Norman Buebendorf, Dr. Mark Mitchell, Dr. Steven M. Gryniawiez, R.N. Earnest Colleen, and Dr. T. Lawtom.

According to plaintiff's third amended complaint, while housed by the DOC at its Felmers Chaney Center, he was assigned to work at Braxton Environmental Services Corp., under a DOC contract. The company "continued to place profit before safety" despite "numerous code violations and fines by OSHA." (Complaint at ¶ 24). Plaintiff observed unsafe working conditions and heard of other inmates being injured, but Sergeant Hibbler, Captain McPipe, and Work Coordinator Davis threatened him with disciplinary action when he complained to them about the dangerous conditions, and Social Worker Stone and Nurse Jane Doe (Cheryl Ruehs) did nothing when he complained to them. Plaintiff's index finger was cut off in a workplace accident on July 12, 2006, and he was taken to the hospital in a company truck rather than an ambulance.

Staff at St. Joseph-Wheaton Franciscan Health Care Hospital, which provides medical care to inmates under contract with the DOC, discarded plaintiff's finger rather than reattaching it. They also delayed surgery, denied therapy, and gave plaintiff instructions to return to work the following week. Plaintiff suffered the "loss of a digit and persistent and irritating arthritic type symptoms that send shocking pain through his hand." Id. at ¶ 36.

---

[1] See Docket # 28, filed September 30, 2009.

Plaintiff contends that the Braxton defendants and the DOC defendants violated his Eighth Amendment rights by compelling him to work in a hazardous workplace and that the medical defendants violated his Eighth Amendment rights through deliberate indifference to his serious medical need to reattach his severed finger. Plaintiff also asserts that the medical defendants committed medical malpractice. As relief, plaintiff seeks a declaration that his rights were violated, $300,000 in compensatory damages, $300,000 in punitive damages, and other relief deemed proper by the court.

## II. ANALYSIS

### A. Eighth Amendment Failure to Protect Claim

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to "take reasonable measures to ensure an inmate's safety." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004). "To state a claim premised on prison officials' failure to protect him from harm, [plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" Id. An excessive risk "is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency" and may include "amputation from operating obviously dangerous machinery." Id.

Accordingly, because plaintiff alleges that he complained to Captain McPipe, Sergeant Hibbler, Work Coordinator Davis, Social Worker Stone, and Nurse Doe (Ruehs) about dangers at his work assignment and they all failed to take any action, plaintiff may proceed on a claim that these five defendants violated his Eighth Amendment rights by failing to protect him from harm.

3

Plaintiff also alleges that defendant Eric Braxton and his company maintained unsafe work conditions despite OSHA fines and injuries to other inmates. While defendant Braxton is a private citizen, plaintiff alleges that Braxton's company employed him pursuant to a contract with the DOC and had a de facto policy placing "profit before safety." Therefore, drawing all inferences in plaintiff's favor at this preliminary point in the proceedings, plaintiff may also proceed on a claim that defendants Eric Braxton and Braxton Environmental Services Corporation violated his Eighth Amendment rights by failing to protect him from harm while acting under color of law. See Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998) ("generally, private individuals act under color of law when jointly acting with a state actor to deprive some person of his constitutional right"); see also Woodward v. Corr. Med. Servs. of Ill., Inc., 368 F.3d 917, 927 (7th Cir. 2004) (private corporation can be held liable under § 1983 for its employees' constitutional violations only if its policies caused the violation).

Plaintiff also names the DOC and Felmers Chaney Center as defendants, but neither a state agency nor a state correctional center is a "person" for purposes of the federal civil rights statutes and they will therefore be dismissed from this lawsuit. See Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002) ("we have held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted."); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Cook County Jail is not a 'person' – it is not a legal entity to begin with."). Superintendent/Warden John Doe must also be dismissed, as the plaintiff does not allege any personal involvement by him and therefore fails to state a claim against him. See Chavez v. Cady, 207 F.3d 901, 906 (7th Cir. 2000) ("In order to be held

4

liable a supervisor must know about the situation and approve of it. He cannot be liable if he is merely negligent in failing to detect and prevent his subordinates' misconduct").

**B.      Eighth Amendment Serious Medical Need Claim**

The Eighth Amendment's prohibition of cruel and unusual punishment also forbids deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). To establish liability a prisoner must demonstrate two elements: an objectively serious medical condition, and an official's deliberate indifference to that condition. See Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006). A medical condition is objectively serious if a physician has determined that treatment is mandated, or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 584-85 (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official is deliberately indifferent if he knows of a substantial risk of harm and disregards that risk. Edwards v. Snyder, 478 F.2d 827, 831 (7th Cir. 2007).

Plaintiff alleges that the medical defendants were employed by a facility that contracted with the State of Wisconsin to provide medical care to inmates and that they made no attempt to reattach his severed finger. Plaintiff also alleges that the hospital's policies contributed to this violation. Accordingly, plaintiff may proceed on a claim that defendants St. Joseph-Wheaton Franciscan Health Care Corporation, Norman Buebendorf, Dr. Mark Mitchell, Dr. Steven M. Gryniawiez, R.N. Earnest Colleen, and Dr. T. Lawton were deliberately indifferent to his medical needs in violation of the Eighth Amendment. See West v. Atkins, 487 U.S. 42, 56 (1988) ("Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their

5

Eighth Amendment rights."); Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 827 (7th Cir. 2009) ("When a party enters into a contractual relationship with the state penal institution to provide specific medical services to inmates . . . the provider has assumed freely the same responsibility as the state."). Plaintiff may also proceed against these defendants on his supplemental state law claim of medical malpractice. See 28 U.S.C. 1367(a).

**C.    Appointment of Counsel**

Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Id. at 654. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. at 654-655.

On November 4, 2009, plaintiff filed a motion for counsel with the assistance of inmate paralegal Quentin Ward. (Docket # 32). This motion states that Mr. Ward has difficulty assisting plaintiff because plaintiff is housed in a special unit for inmates with mental illness. Attached to the motion are two letters from attorneys declining to represent plaintiff in this action, along with a third letter offering to investigate and evaluate the matter upon an initial engagement fee of $10,000 – a fee beyond plaintiff's means, as he is proceeding in forma pauperis. Accordingly, it appears that plaintiff has made a reasonable, but unsuccessful attempt to find an attorney on his own. Furthermore, this case appears

likely to involve difficult legal issues, including whether it would have been medically possible to reattach plaintiff's finger, and whether certain private defendants acted under the color of law. See Rodriguez, 577 F.3d at 823 ("Both the Supreme Court and the lower federal courts have acknowledged the difficulty of determining whether a private actor has acted under the color of state law . . . this determination constitutes one of the more slippery and troublesome areas of civil rights litigation.") (internal quotation ommitted). Given plaintiff's limitations, his reliance on other inmates to assist him, and the complexity of the underlying legal issues, I find that he does not appear competent to try the case himself and that there is a reasonable likelihood that the presence of counsel would make a difference in the outcome of this litigation. See Pruitt, 503 F.3d at 649. Accordingly, I will recruit pro bono counsel for plaintiff.

**D.     Other Matters**

Docket # 27 is a motion seeking additional time to identify the Jane and John Doe defendants. This motion is moot, as plaintiff subsequently identified Nurse Jane Doe as Nurse Cheryl Ruehs (see Docket # 28), and as defendant Superintendent/Warden John Doe is dismissed herein due to lack of personal involvement.

Docket # 23 is a motion to correct the complaint, which is moot due to plaintiff's filing of his third amended complaint.

Finally, in Docket # 30, plaintiff states that some of his letters contain information that he does not want to disclose to the defendants. However, plaintiff may not have ex parte or private communications with the court.

For the foregoing reasons,

7

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend his complaint (Docket # 24) is **GRANTED**. Plaintiff's third amended complaint (Attachment #1 to Docket # 24) shall be the operative complaint in this case.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend his complaint (Docket # 23) and for extension of time (Docket # 27) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket # 32) is **GRANTED**. Pro bono counsel will be recruited to represent plaintiff.

**IT IS FURTHER ORDERED** that plaintiff may proceed on an Eighth Amendment failure to protect claim against defendants Eric Braxton and Braxton Environmental Services Corp., along with five defendants employed by the Felmers Chaney Center: Captain McPipe, Sergeant Hibbler, Work Coordinator Davis, Social Worker Stone, and Nurse Cheryl Ruehs. Plaintiff may also proceed on Eighth Amendment medical care and state law medical malpractice claims against defendant St. Joseph-Wheaton Franciscan Health Care Corporation and five of its employees: Norman Buebendorf, Dr. Mark Mitchell, Dr. Steven M. Gryniawiez, R.N. Earnest Colleen, and Dr. T. Lawton.

**IT IS FURTHER ORDERED** that defendants Wisconsin Department of Corrections, Felmers Chaney Center, and Warden/Superintendent John Doe are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the third amended complaint (Attachment #1 to Docket # 24), the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per

item mailed.  The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3).  Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s).  Fed. R. Civ. P. 5(a).  Plaintiff should also retain a personal copy of each document.  If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies

9

of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9 day of November, 2009.

/s_____
LYNN ADELMAN
District Judge