UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRENTON BRATCHETT,

    Plaintiff,

    v.                                    Case No. 08-C-880

ERIC BRAXTON, BRAXTON ENVIRONMENTAL
SERVICES CORP., SERGEANT HIBLER,
CAPTAIN MCPIPE, WORK COORDINATOR
MISTER DAVIS, SOCIAL WORKER MISS STONE,
NURSE CHERYL RUEHS, ST. JOSEPH-
WHEATON FRANCISCAN HEALTH CARE CORP.,
DR. NORMAN BUEBENDORF, DR. MARK MITCHELL,
DR STEVEN M. GRYNIAWIEZ, R.N. EARNEST
COLLEEN, and DR. T. LAWTON,

    Defendants,

## ORDER

Plaintiff is proceeding in forma pauperis, with pro bono counsel Jeffrey DeCora, under 42 U.S.C. § 1983, on a claim that defendants violated his civil rights in connection with his loss of an index finger at a work assignment while he was incarcerated at the Felmers Chaney Center. On November 9, 2009, I ordered the U.S. Marshal to serve plaintiff's complaint on the defendants. A review of the docket reveals that the majority of defendants have now answered the complaint, but the Marshal's service attempts on defendants Eric Braxton, Dr. Mark Mitchell, and Earnest Colleen have been unsuccessful.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within 120 days after the complaint was filed. However, in the context of civil rights actions by prisoners, "[t]he prisoner may rely on the Marshals Service to serve

process, and the Marshals Service's failure to complete service is automatically "good cause" to extend time for service under Rule 4(m). . . ." Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (citing Sellers v. United States, 902 F.2d 598 (7th Cir. 1990)). It appears that plaintiff was not notified that the Marshal was unable to serve these defendants at the addresses he provided in his complaint. Accordingly, plaintiff will be given until **June 25, 2010**, to provide the court with new, valid addresses for those defendants who have not yet been served. If plaintiff provides new addresses for those defendants by **June 25, 2010**, the addresses will be forwarded to the Marshal for another service attempt. Otherwise, those defendants who have not yet been served will be dismissed from this action.[1]

Finally, a review of the docket also reflects that three motions have been filed. Cheryl Ruehs filed a motion for a more definite statement. (Doc. # 75). Norman Buebendorf and St. Joseph Franciscan Health Care filed separate motions to compel the plaintiff to comply with the mediation provisions of Wisconsin Statute Chapter 655. (Doc. # 83 and # 87). Plaintiff must file his responses to these motions no later than **June 25, 2010**. Therefore,

**IT IS ORDERED** that defendants Eric Braxton, Dr. Mark Mitchell, and Earnest Colleen will be dismissed unless plaintiff provides new, valid addresses for these defendants no later than **June 25, 2010**.

---

[1] Two defendants have failed to file a timely answer. The Marshal filed a proof of service (Doc. # 70) stating that a summons was served on Braxton Environmental Services Corp. on February 24, 2010, but the company has not filed an answer. Sergeant Hibbler waived service of the summons, pursuant to a waiver request sent on November 16, 2009 (Doc. # 44), but has not filed an answer.

**IT IS FURTHER ORDERED** that plaintiff shall respond to the motion for a more definite statement (Doc. # 75) and the motions to compel compliance with Chapter 655 (Doc. # 83 and # 87) no later than June 25, 2010.

Dated at Milwaukee, Wisconsin, this 3 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge