# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRENTON BRATCHETT,

      Plaintiff,

      v.                                 Case No. 08-C-880

ERIC BRAXTON, BRAXTON ENVIRONMENTAL
SERVICES CORP., SERGEANT HIBLER,
CAPTAIN MCPIPE, GRADY DAVIS,
SOCIAL WORKER MISS STONE,
NURSE CHERYL RUEHS, ST. JOSEPH-
WHEATON FRANCISCAN HEALTH CARE CORP.,
DR. NORMAN BUEBENDORF, DR. MARK MITCHELL,
DR STEVEN M. GRYNIAWIEZ, R.N. EARNEST
COLLEEN, and DR. T. LAWTON,

      Defendants.

## ORDER

Plaintiff is proceeding in forma pauperis, with pro bono counsel Jeffrey DeCora, under 42 U.S.C. § 1983, claiming that defendants violated his civil rights in connection with his loss of an index finger at a work assignment while he was incarcerated at the Felmers Chaney Center.  Four motions are currently pending: a motion for a more definite statement (Doc. # 75); motions to compel the plaintiff to comply with the mediation provisions of Wis. Stat. Ch. 655 (Doc. # 83 and # 87); and a motion for leave to file an amended answer (Doc. # 90).

### I.  MOTION FOR A MORE DEFINITE STATEMENT

Defendant Cheryl Ruehs filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) on March 12, 2010, along with her answer.  Defendant Ruehs maintains that plaintiff's complaint is so vague that she cannot reasonably be required to properly frame

a responsive pleading.  However, Fed. R. Civ. P. 12(e) requires that the motion for a more definite statement "must be made before filing a responsive pleading."  Here, defendant Ruehs answered the complaint, despite her objections to its perceived vagueness.   In addition, on June 25, 2010, plaintiff filed a response that provides ample detail regarding his allegations against defendant Ruehs.  Accordingly, I will deny the motion for a more definite statement.

## II.  MOTION TO COMPEL COMPLIANCE WITH WIS. STAT. CH. 655

Defendants Norman Buebendorf and St. Joseph Wheaton Franciscan Healthcare filed separate motions to compel plaintiff to comply with Wis. Stat. Ch. 655, which requires mediation of state law medical malpractice claims.  Plaintiff did not respond to either motion by the June 25, 2010 deadline.  See Court's Order of June 3, 2010.  Accordingly, I will grant both motions.  If plaintiff wishes to pursue his state law medical malpractice claims as part of this lawsuit, he must file for mediation **within 15 days of this order**, as required by Wis. Stat. § 655.445.  I will require plaintiff to promptly file proof of the mediation request with this court and opposing counsel, so that this case may be stayed pending mediation.  In the alternative, if plaintiff decides not to pursue his state law medical malpractice claims as part of this lawsuit, he must advise the court and opposing counsel of his decision **within 15 days of this order**, so that those claims may be dismissed from this action.

## III.  MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

On June 7, 2010, defendants Stone and McPipe moved to amend their answer pursuant to Fed. R. Civ. P. 15(a) to include defendant Hibbler, who was omitted by oversight

2

from the answer filed on January 14, 2010. Plaintiff has not objected to the proposed amendment, and I will grant the motion for leave to file an amended answer.

Therefore,

**IT IS ORDERED** that defendant Ruehs' motion for a more definite statement (Doc. # 75) is **DENIED**.

**IT IS FURTHER ORDERED** that the motions by defendants to compel compliance with the mediation provisions of Wis. Stat. Ch. 655 (Doc. # 83 and # 87) are **GRANTED**.

**IT IS FURTHER ORDERED** that if plaintiff wishes to pursue his state law medical malpractice claims as part of this lawsuit, he must file for mediation **within 15 days of this order**, as required by Wis. Stat. § 655.445, and promptly file proof of the mediation request with this court and opposing counsel. If plaintiff decides not to pursue his state law medical malpractice claims as part of this lawsuit, he must advise the court and opposing counsel of his decision **within 15 days of this order**.

**IT IS FURTHER ORDERED** that the motion for leave to file an amended answer by defendants Hibbler, McPipe, and Stone (Doc. # 90) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 15 day of July, 2010.

/s_____
LYNN ADELMAN
District Judge

3