# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TRENTON BRATCHETT,
        Plaintiff,

v.                                          Case No. 08-CV-00880

BRAXTON ENVIRONMENTAL
SERVICES, CORP., et al.,
        Defendants.

---

## DECISION AND ORDER

Plaintiff Trenton Bratchett, a Wisconsin state prisoner represented by pro bono counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that the defendants violated his Eighth Amendment rights by compelling him to work at a hazardous work release assignment, resulting in his index finger being cut off in a workplace accident. Defendants Sergeant Wayne Hibbler, Captain Eloise McPike,[1] and Christine Stone have moved for dismissal on the ground that plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Defendant Grady Davis has moved for summary judgment on the merits, contending that plaintiff has failed to demonstrate either that defendant Davis acted under the color of state law or that he failed to protect plaintiff from harm.

## I. BACKGROUND

At all relevant times, plaintiff was an inmate at Felmers O. Chaney Correctional Center ("Felmers"). Plaintiff was assigned to work for Braxton Environmental Services

---

[1] Captain McPike is incorrectly sued as "McPipe."

Corporation, a company the Wisconsin Department of Corrections ("DOC") contracts with to provide job opportunities for inmates at Felmers. Defendants Sgt. Hibler and Capt. McPike are officers who worked at Felmers, and defendant Stone was a social worker at Felmers. Defendant Davis was an Employment Support Specialist placed at Felmers by a private nonprofit agency, ATTIC Correctional Services, Inc. ATTIC has a relationship with the DOC and places its employees with correctional facilities to help offenders acquire appropriate social skills and prepare for self-sufficiency.

Defendant Davis states in his affidavit that he reported to Sgt. Hibbler and had no authority to move, control, or discipline inmates, or to address inmate complaints. Defendant Davis further states that plaintiff never complained to him regarding any work conditions or dangers. Plaintiff, however, states in his own affidavit that he complained to defendant Davis verbally and showed him cuts on his arms from his work. Plaintiff further states that defendant Davis knew plaintiff's work assignment was dangerous because he made about ten site visits to the plant while plaintiff was there, and because plaintiff and other inmates assigned by defendant Davis to the recycling plant returned from work dirty and in need of treatment from the staff nurse for their injuries. Plaintiff also submits an affidavit from former inmate Michael Mays stating that defendant Davis made decisions about inmate job assignments, knowingly sent inmates to work sites without necessary protective clothing or equipment, and threatened inmates with being sent to segregation or more secure imprisonment if they complained about a job assignment.

Plaintiff attests that, after his verbal complaints were ignored for months, he filed three written complaints regarding his work assignment on July 6, 2006. In his written complaints, plaintiff asked to be taken off his work assignment, stating that the job is very

dangerous. He also complained that he had not been paid for all of the hours he had worked and he had not been allowed to take a sick day while in pain. He also stated that he had been threatened and that he did not want any action taken against him because he complained.

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendants Hibler, Stone and McPike have moved to dismiss this case because plaintiff has failed to exhaust his administrative remedies under the Inmate Complaint Review System before filing this action. Defendant Davis joins in the motion to dismiss. The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a. Under § 1997e, defendant has the burden of establishing that plaintiff has failed to exhaust his available administrative remedies. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Defendant must produce factual evidence that establishes that plaintiff failed to exhaust the administrative remedies available to him. Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008). If plaintiff disputes the validity of that evidence, an evidentiary hearing may be held. Id. (holding that when "exhaustion is contested," the district judge "conducts a hearing on exhaustion" and resolves the relevant factual issues).

Defendants maintain that plaintiff failed to file any inmate complaints related to his work release assignment or to the injury he suffered while on work release. In support of

this assertion, defendants have submitted a report from the Inmate Complaint Tracking System showing that plaintiff filed three offender complaints in 2001 and one offender complaint in 2009, none of which related to his work release assignment. (Aff. of Welcome Rose Ex. 1000, ECF. No. 144-1.) This report is contradicted by plaintiff's affidavit, which states that he filed three written inmate complaints on July 6, 2006 regarding his work release assignment. Plaintiff claims that these complaints were not recorded in the complaint tracking system because correctional officials improperly disregarded them. In response, defendants have provided a report that lists all offender complaints filed between June 13, 2005 and August 1, 2006 in the complaint tracking system. (Aff. of Welcome Rose Ex. 1001, ECF No. 145-1.) This report shows that 14 complaints from Felmers inmates were recorded during this time period. This report does not, however, provide any evidence of the procedures officials at Felmers followed when addressing and recording inmate complaints during July 2006. Defendants have not offered any proof that Felmers staff consistently entered inmate complaints into the complaint tracking system.

If defendants had filed a properly supported motion that disputed plaintiff's affidavit, they might have been entitled to an evidentiary hearing on the issue of whether plaintiff exhausted his administrative remedies. However, defendants have not created a record justifying such a hearing and I will deny the motion to dismiss.

**B.    Defendant Davis' Motion for Summary Judgment**

Summary judgment is required if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Defendant Davis seeks summary judgment because he claims that the undisputed facts

4

in this case show that he is a private citizen who did not act under color of law because he was employed at all times by a private non-profit agency. Davis also submits that plaintiff presents no evidence that he failed to protect plaintiff from harm. In response, plaintiff offers his own affidavit and that of Michael Mays, a former inmate of Felmers, to establish that Davis shared an office with Sgt. Hibler and had authority to decide job placements for inmates. Plaintiff also claims that Davis had the authority to send inmates to segregation and that Davis disregarded plaintiff's repeated complaints about his job assignment. In reply, Davis attacks the affidavit of inmate Mays as containing inadmissible hearsay.

Federal Rule of Evidence 801(d)(2)(A) provides that a statement by an opposing party is not hearsay when it is offered against that opposing party. Mays states in his affidavit that he heard Davis reply to plaintiff's complaint about his work assignment, "If you don't go to work you're going to the Hole." (Mays Aff. ¶ 11, ECF No. 148.) Mays also states that he heard Davis and Sgt. Hibler discuss assigning inmates to work at plaintiff's work release assignment as punishment. This testimony regarding statements Mays personally heard Davis make is not hearsay.

As a result, the testimony from plaintiff and Mays is admissible and creates a genuine dispute of material fact about whether Davis purported to exercise authority over disciplinary decisions. While defendant Davis's employer was a private entity, this does not necessarily shield him from liability for acting under color of law. The DOC contracts with Davis' employer to provide services to inmates, and Davis was placed at Felmers to provide those services. This arrangement does not reflect "only an incidental and transitory relationship with the state's penal system." Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 827 (7th Cir. 2009). "[W]hen a person accepts employment with a private entity

5

that contracts with the state, he understands that he is accepting the responsibility to perform his duties in conformity with the Constitution." Id. Moreover, there is evidence that Davis willfully colluded with correctional officials to violate plaintiff's rights. Hanania v. Loren-Maltese, 212 F.3d 353, 356 (7th Cir. 2000) ("A private individual has acted under color of law if there was a concerted effort between the individual and a state actor."). Davis is not entitled to summary judgment.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the motion to dismiss filed by defendants Hibbler, McPike and Stone [DOCKET #131] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by defendant Davis [DOCKET #136] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2012.

s/_____
LYNN ADELMAN
District Judge